## Rutherford v. Union Railroad Company

*Howard M. Louik,* for plaintiff.
*Gerald C. Paris,* for defendant.

WETTICK, *J.,* June 21, 1979—This is an action brought by an employe of defendant Union Railroad Company under the Federal Employers' Liability Act of April 22, 1908, 35 Stat. 65, as amended, 45

U.S.C.A. §51 et seq. Plaintiff alleges that he was injured in the course of his employment as a result of defendant's negligence. The extent to which plaintiff's earning power was impaired is an issue in this litigation.

Through discovery, plaintiff has requested defendant to provide information within defendant's records relating to complaints or criticisms of plaintiff's work, plaintiff's willingness to work, plaintiff's ability to do the work assigned to him, any disciplinary action taken against plaintiff, any absences without leave which were taken by plaintiff and previous injuries and accidents involving plaintiff. Defendant objects to these interrogatories on the grounds that they elicit information already in the possession of plaintiff and that such information should be protected from discovery in order to permit defendant to effectively cross-examine plaintiff at trial.

Defendant contends that the information regarding plaintiff's medical history and work record is well known to plaintiff; thus such information is sought, according to defendant, not to assist in the \preparation of the substantive case but rather to ascertain what information defendant might employ for impeachment purposes. Defendant argues that the only purpose of this discovery is to allow plaintiff to learn what defendant does not know regarding plaintiff's medical history and work record and "it is by exposing the extent of defendant's ignorance that the possibilities of mischief are introduced." Discovery is designed to reveal facts— not to delineate ignorance—and for this reason defendant urges this court to uphold defendant's objections to these interrogatories.

In support of its position, defendant cites Webb v. The Monongahela Connecting Railroad Company,

115 Pitts.L.J. 378, 379 (W.D. Pa. 1967), and several unreported decisions from the United States District Court for the Western District of Pennsylvania. In Webb v. The Monongahela Connecting Railroad Company, the Federal District Court considered the issue presently before this court and sustained the railroad's objections to discovery on the ground that the "object of those interrogatories is not to discover facts in the usual manner, but rather to frustrate an effective cross-examination and to avoid the possibility of impeachment."

Defendant's argument would have considerable merit if the only benefit to plaintiff from the discovery would be to learn what defendant knows and does not know regarding plaintiff's medical history and work record. There are, however, other valid purposes to be served from such discovery. A significant issue in this case is the extent to which plaintiff's earning power has been impaired through the alleged injuries which are the subject of this action. Plaintiff will not necessarily agree with evidence that defendant is prepared to offer regarding plaintiff's medical history and work record. And unless plaintiff, prior to trial, has knowledge of the evidence that defendant is prepared to offer on these matters, plaintiff will not be in a position to effectively challenge any evidence with which plaintiff disagrees. Through our pre-trial discovery rules "[w]e have moved away from what was described as 'the sporting theory of justice' and have embraced a theory of wide-ranging and mutual discovery" in order to provide protection against "surprise evidence which can be proven false or which can be put in a truer and less damaging light if there is opportunity to investigate the matter and produce rebutting or qualifying facts."

Nissley v. Pennsylvania Railroad Co., 435 Pa. 503, 259 A. 2d 451, 453 (1969).

Our amended Rules of Civil Procedure governing discovery have broadened the scope of discovery. Under Rule 4003.1, a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. Under Rule 4003.3, matters prepared in anticipation of litigation or trial are no longer protected from discovery. The major limitations upon Rule 4003.1 are set forth in Rule 4011 which bars discovery that is sought in bad faith, causes unreasonable annoyance, embarrassment, oppression, burden or expense, relates to a matter that is privileged or would require the making of an unreasonable investigation. Any evidence which defendant may offer regarding plaintiff's medical history and work record is clearly relevant to the subject matter involved in the pending action and does not come within any of Rule 4011's limitations upon discovery. Thus plaintiff is entitled to answers to his interrogatories covering defendant's information as to plaintiff's medical history and work record.

We do not agree with defendant that this ruling will significantly increase the likelihood of exaggerated claims and false testimony. If, as defendant claims, plaintiff already knows what is in defendant's files, furnishing such information to plaintiff prior to trial should have no effect on plaintiff's testimony. Also there is nothing to prevent a defendant, through prompt discovery, from obtaining a plaintiff's testimony regarding his medical history and work record prior to furnishing information on this subject within its files to the plaintiff or another party.

## ORDER

On this June 21, 1979, defendant is hereby ordered to file within 20 days answers to plaintiff's interrogatories 9, 10, 11, 12, 14, 15, 16 and 17.